# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN DAVID NAGEL,<br><br>    Defendant. | Case No. 3:19-cr-00071-SLG |

**NOTICE OF INTENT TO GRANT MOTION FOR COMPASSIONATE RELEASE**

Before the Court at Docket 51 is defendant John David Nagel's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1) (Compassionate Release). The government filed a response at Docket 53 and does not oppose Mr. Nagel's release to a residential re-entry center.[1]

On March 5, 2020, this Court sentenced Mr. Nagel to 30 months in prison after he pleaded guilty to one count of Felon in Possession of Firearms and Ammunition.[2] Mr. Nagel is currently housed at Nevada Southern Detention Center, a non-Bureau of Prisons (BOP) facility that contracts with the U.S. Marshals to hold federal inmates.[3] Mr. Nagel has a projected release date of June

---

[1] Docket 53 at 2.

[2] Docket 47.

[3] CoreCivic, *Nevada Southern Detention Center* (www.corecivic.com/facilities/nevada-southern-detention-center) (last accessed July 8, 2020).

12, 2021.[4] Because Mr. Nagel is not in a BOP facility, the BOP does not consider him to be in BOP custody and will not consider him for release to home confinement or to a halfway house. Mr. Nagel seeks an order "reducing his sentence to time served (approximately 18 months) with the remaining custodial portion of his sentence (approximately 12 months) to be served on community or home confinement as a condition of supervised release."[5] He requests compassionate release due to the ongoing COVID-19 pandemic and because he is being held in a non-Bureau of Prisons facility, where he cannot receive early release to a halfway house or residential reentry center.[6]

The government maintains that it is "exercising prosecutorial discretion and judgment" and not opposing Mr. Nagel's release to a residential re-entry center "in light of the national health emergency and the terms of the sentence."[7]

The Court finds that the exhaustion requirement is excused or satisfied in this case because BOP will not seek compassionate release on behalf of inmates housed in non-BOP facilities, such that any administrative remedy is unavailable.[8]

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for a sentence reduction after exhausting their

---

[4] Fed. Bureau of Prisons inmate locator (www.bop.gov/inmateloc/) (last accessed July 8, 2020).

[5] Docket 51 at 1.

[6] Docket 51 at 2–3.

[7] Docket 53 at 2.

[8] *See Sun v. Ashcroft*, 370 F. 3d 932, 942 (9th Cir. 2004).

Case No. 3:19-cr-00071-SLG, *United States v. Nagel*
Notice of Intent to Grant Motion for Compassionate Release
Page 2 of 4
Case 3:19-cr-00071-SLG   Document 54   Filed 07/10/20   Page 2 of 4

administrative remedies. After considering the applicable factors set forth in 18 U.S.C. § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The policy statement of the Sentencing Commission related to compassionate release is found at U.S.S.G. § 1B1.13. The policy statement provides four categories of "extraordinary and compelling reasons" that may warrant relief: (1) the defendant's medical condition, (2) the defendant's age, (3) the defendant's family circumstances, (4) and "other reasons." Furthermore, U.S.S.G. § 1B1.13 provides that a court may only grant relief if it determines "the defendant is not a danger to the safety of any other person or to the community."

The Court finds that the factors listed under 18 U.S.C. § 3553(a) weigh in favor granting relief in this case and finds that extraordinary and compelling reasons justify a reduction of Mr. Nagel's sentence.[9] Additionally, the Court finds that Mr. Nagel does not pose a danger to the community.

In light of the foregoing, the Court intends to grant the motion at Docket 51, to the extent it seeks a sentence of time served and imposition of supervised release that includes placement in a residential re-entry center, after the following conditions have been satisfied: Mr. Nagel shall be immediately adequately quarantined at the Nevada Southern Detention Center for a period of up to 14

---

[9] *See United States v. Garcia-Zuniga*, 2020 WL 3403070 (S.D. Cal. June 19, 2020).

Case No. 3:19-cr-00071-SLG, *United States v. Nagel*
Notice of Intent to Grant Motion for Compassionate Release
Page 3 of 4

Case 3:19-cr-00071-SLG   Document 54   Filed 07/10/20   Page 3 of 4

days.  During the 14-day period, Mr. Nagel shall be tested for COVID-19.  The government shall immediately notify the Court of the test results.  The Court will not order Mr. Nagel's release until it has received (1) written confirmation from the Nevada Southern Detention Center, via the U.S. Attorney's Office, that Mr. Nagel's COVID-19 test has been returned a negative result and (2) written confirmation from the relevant U.S. Probation Office that Mr. Nagel has a confirmed placement at a residential re-entry center approved by the Probation Office.[10]  At that point, the Court will promptly issue an order reducing Mr. Nagel's sentence to time served, ordering that he commence supervised release, ordering placement in the residential re-entry center and compliance with the center's rules as a term of supervised release, and ordering compliance with public-health mandates and quarantine recommendations.  Mr. Nagel shall remain in quarantine until the Court's order has issued and until he is released from the Nevada Southern Detention Center.

      DATED this 10th day of July, 2020, at Anchorage, Alaska.

                                                */s/ Sharon L. Gleason*
                                                UNITED STATES DISTRICT JUDGE

---

[10] The Court denies Mr. Nagel's request to be released to home confinement.

Case No. 3:19-cr-00071-SLG, *United States v. Nagel*
Notice of Intent to Grant Motion for Compassionate Release
Page 4 of 4

Case 3:19-cr-00071-SLG   Document 54   Filed 07/10/20   Page 4 of 4